

FILED
2015 Jul-27 PM 01:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WALTER STILES; and<br>ANGELA STILES,<br><br>    Plaintiffs,<br><br>vs.<br><br>EXOTIC CHICKEN WINGS INC<br>a corporation; YOUNG N. LEE<br>an individual; and CHEONG<br>M. RHEE an individual,<br><br>    Defendants. | Case No.:<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "Fair Labor Standards Act" or "FLSA"). Plaintiffs seek payment for unpaid overtime wages and liquidated damages due to Defendants' willful violations of the overtime provisions of the FLSA. Plaintiffs also seek damages for Defendants' retaliation against Plaintiffs for opposing Defendants' willful violations of the FLSA's overtime pay provisions. The Plaintiffs further seek reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. § 1331 because this action arises under laws of the United States, and by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the facts and events giving rise to the causes of action set forth in this Complaint occurred in this District.

3. The causes of action set forth in this Complaint arose in this District.

## PARTIES

**A.     Plaintiff**

4. The Plaintiff, Mr. Walter Stiles (hereinafter referred to as "Mr. Stiles" or "Plaintiff"), is above the age of nineteen (19) years, and he is a resident of Jefferson County, Alabama.

5. Mr. Stiles is a former employee of Defendants.

6. Mr. Stiles worked for Defendants from March of 2014 until July of 2015.

7. Mr. Stiles was employed by Defendants consistently during the period of time specified above.

8. During all times relevant to this Complaint, Mr. Stiles was a cook and/or general laborer, and, thus, was Defendants' "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e).

9. Mr. Stiles was subject to the full protections of the FLSA, and he was not made exempt by any of the FLSA's statutory exemptions.

10. The Plaintiff, Ms. Angela Stiles (hereinafter referred to as "Ms. Stiles" or "Plaintiff"), is above the age of nineteen (19) years, and she is a resident of Jefferson County, Alabama.

11. Ms. Stiles is a current employee of Defendants.

12. Ms. Stiles has worked for Defendants since February of 2014.

13. Ms. Stiles has been employed by Defendants consistently during the period of time specified above.

14. During all times relevant to this Complaint, Ms. Stiles was a cashier and/or general laborer, and, thus, was Defendants "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e).

15. Ms. Stiles was subject to the full protections of the FLSA, and she was not made exempt by any of the FLSA's statutory exemptions.

### B.   Defendants

16. The Defendant, Exotic Chicken Wings Inc ("Exotic"), is an Alabama Corporation, which employed Plaintiffs to labor for its benefit in this District.

17. Exotic sells chicken wings and other food products from its brick and mortar location to Alabama residents, and residents of other states, traveling through Alabama.

18. Exotic is located at 1254 Center Point Parkway, Birmingham, Alabama 35215.

19. The Defendant, Young N. Lee (hereinafter referred to as "Defendant Lee"), is an individual, and part owner of Exotic.

20. Defendant Lee is an individual above the age of nineteen (19) years, is a resident of Jefferson County, Alabama, and is a principal owner, and manager of Exotic.

21. By and through Exotic, Defendant Lee employed Plaintiffs to labor for her benefit in this District.

22. Defendant Lee was responsible for Plaintiffs' work schedules.

23. The Defendant, Cheong M. Rhee (hereinafter referred to as "Defendant Rhee"), is an individual, and part owner of Exotic.

24. Defendant Rhee is an individual above the age of nineteen (19) years, is a resident of Jefferson County, Alabama, and is a principal owner, and manager of Exotic.

25. By and through Exotic, Defendant Rhee employed Plaintiffs to labor for his benefit in this District.

26. Defendant Rhee was responsible for Plaintiffs' work schedules.

27. The Defendants are an enterprise engaged in interstate commerce for the purposes of the FLSA with annual gross sales in excess of $500,000.00.

28. The Defendants are employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and are not exempt under the Act.

## FACTUAL ALLEGATIONS

29. Plaintiffs re-allege paragraphs one (1) through twenty-eight (28) as though fully set forth herein.

30. The Defendants operate an order and pick-up chicken wing restaurant.

31. Defendants employed and/or employs Mr. Stiles as a cook and/or general laborer, and Ms. Stiles as a cashier and/or a general laborer, in their restaurant.

32. Plaintiff routinely worked or work in excess of forty (40) hours per week, often times working six (6) to seven (7) days per week.

33. Mr. Stiles' rate of pay was $9.50 per hour for each hour he worked for Defendants.

34. Ms. Stiles' rate of pay is $9.00 per hour for each hour she works for Defendants.

35. Defendants did not and do not pay Plaintiffs a premium, overtime rate of one and one-half (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in a week.

36. On multiple occasions, Plaintiffs complained and/or reported to Defendants that they were not being paid premium, overtime pay for each hour worked in excess of forty (40) in a week, as required by law.

37. In direct response to Plaintiffs' complaints regarding pay, Defendants routinely fired or suspended Plaintiffs.

38. However, after firing Plaintiffs, Defendants would request that Plaintiffs return to work, but continued to fail in their obligation to pay Plaintiffs one and one-half (1 ½) times their regular rate of pay for each hour worked in excess of forty (40) hours in a week.

39. Defendants suspended and/or fired Plaintiffs when they reported the FLSA violations because Defendants sought to suppress Plaintiffs' determination to be paid in accordance with the law.

40. Defendants intentionally and willfully violated the overtime provisions of the FLSA with respect to Plaintiffs.

## COUNT ONE

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations – 29 U.S.C. § 207)

41. Plaintiffs re-allege paragraphs one (1) through forty-one (41) as though fully set forth herein.

42. The Defendants have failed to compensate Plaintiffs at the overtime rate required by 29 U.S.C. § 207 for each hour worked in excess of forty (40) in each workweek.

43. To that end, Defendants failed to pay Plaintiffs one and one-half (1 ½) times Plaintiffs' regular rate of pay for each hour Plaintiffs worked in excess of forty (40) in a week.

44. Plaintiffs regularly worked in excess of forty (40) hours in a workweek during the entirety of their employment with Defendants.

45. The Plaintiffs were not exempt from the coverage and protections of the FLSA.

46. The Defendants, by such failures as described above, have violated the requirements of the FLSA.

47. Defendants' failures to provide Plaintiffs with premium overtime pay of one and on-half (1 ½) times Plaintiffs' regular rate of pay were willful, as evidenced by the allegations made herein.

## COUNT II

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
(Retaliation – 29 U.S.C. §215(a)(3)

48. Plaintiffs re-allege paragraphs one (1) through forty-seven (47) as though fully set forth herein.

49. Plaintiffs engaged in protected activity when they opposed Defendants' failure to provide them with premium, overtime pay of one and one-half (1 ½) times their regular rate of pay for each hour worked in excess of forty (40) in a week.

50. On multiple occasions, Defendants terminated Plaintiffs' employment after Plaintiffs opposed Defendants' willful failure to provide overtime wages.

51. Defendants would subsequently request that Plaintiffs return to work, but continued to refuse to provide Plaintiffs with overtime pay when Plaintiffs worked in excess of forty (40) hours in a week.

52. Defendants terminated Plaintiffs' employment on these occasions because Plaintiffs overtly opposed Defendants' failure to provide them with overtime pay.

53. Plaintiffs were damaged as a result of Defendants' retaliation.

WHEREFORE, the Plaintiffs request that this Honorable Court enter a judgment for Plaintiffs and against the Defendants for:

A. All amounts of all wages the Plaintiffs should have received pursuant to 29 U.S.C. § 207 but for the Defendant's violation of their rights;

B. Liquidated damages;

C. Damages proximately caused by Defendants' retaliation against Plaintiffs for opposing Defendants' willful violations of the FLSA

D. All attorney's fees and costs incurred in prosecuting these claims pursuant to 29 U.S.C. § 216(b); and

E. Any and all relief this Honorable Court finds to be just and due under the circumstances.

**Plaintiff demands trial by jury.**

Respectfully submitted,

*/s/ Joshua A. Wrady*
Joshua A. Wrady (ASB-9617-J68W)
Anthony D. Michel (ASB-6809-O64M)
*Attorneys for Plaintiff*

**WRADY & MICHEL, LLC**
4958 Valleydale Road
Suite 252
Birmingham, Alabama 35242
Tel:  (205) 980-5700
Fax:  (205) 994-2819

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

Exotic Chicken Wings Inc

1254 Center Point Parkway
Birmingham, Alabama 35215

Young N. Lee
c/o Exotic Chicken Wings Inc
1254 Center Point Parkway
Birmingham, Alabama 35215

Cheong M. Rhee
c/o Exotic Chicken Wings Inc
1254 Center Point Parkway
Birmingham, Alabama 35215

8